UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARIA ALVARADO,

                Plaintiff,

                                                              DECISION AND ORDER

                                                              02-CV-6569L

            v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

                Defendant.
_____

## I. INTRODUCTION

    Plaintiff, a prevailing party in an action for Social Security disability benefits, has filed a motion in this court for the payment of attorneys fees pursuant to the Equal Access to Justice Act (hereinafter "EAJA"), 28 U.S.C. §2412(d). Plaintiff seeks $9,303.66 in compensation for 61.4 hours of work by her attorneys at the Empire Justice Center, a not-for-profit law firm.

    The total fee amount claimed by the plaintiff is not in dispute. Rather, the issue before the court is whether the Government's position, in affirming and subsequently defending on the merits, the decision of an Administrative Law Judge to deny the plaintiff benefits, was substantially justified. Because I believe that the Government's position was substantially justified, plaintiff's motion is denied.

## II. PROCEDURAL HISTORY

---

[1] Plaintiff's complaint names former Commissioner of Social Security Joanne B. Barnhart as the defendant. Michael J. Astrue, the current Commissioner, automatically is substituted as the defendant pursuant to Fed. R. Civ. P. 25(d)(1).

Plaintiff filed three (3) applications for Supplemental Security Income ("SSI") benefits on the following dates: February 20, 1997; July 27, 1998; and January 15, 1999. All three applications were denied. After the third application was denied upon reconsideration on February 15, 2000, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on August 23, 2001, and the ALJ issued her opinion on November 15, 2001.

The ALJ found that plaintiff was not disabled, and therefore, not entitled to benefits. Plaintiff appealed this decision to the Appeals Council, however, the council denied plaintiff's appeal on September 18, 2002. Because the appeals council denied plaintiff's appeal, the final decision of the ALJ also became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). On November 7, 2002, plaintiff filed a complaint in this court seeking reversal of the Commissioner's decision and a remand for the calculation and payment of benefits.

Both plaintiff and defendant moved in this court for judgment on the pleadings. On May 31, 2006, this Court granted defendant's motion and denied plaintiff's motion, and dismissed plaintiff's complaint. On June 14, 2006, plaintiff moved once again in this court for reconsideration. That motion too, was denied. Plaintiff appealed the denial of the latter motion to the Second Circuit Court of Appeals on July 27, 2006.

Prior to judgment by the Court of Appeals, however, plaintiff and defendant reached a stipulation dated January 4, 2007, reversing the decision of the Commissioner and remanding plaintiff's case for the calculation of benefits. The stipulation was the result of new evidence submitted by plaintiff's attorney that plaintiff is mentally retarded. Plaintiff relied on a new report by Dr. Richard Wolfe, Ph.D, dated July 12, 2006, indicating a low scaled score of 57 on the Wechsler Assessment of Intelligence Scale ("WAIS") (indicating mild, mental retardation). This motion for fees followed.

### III.  DISCUSSION

**A.      Legal Standards**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), the United States must pay the attorney fees and other expenses incurred by a party that prevails against it, unless the position of the United States was substantially justified or special circumstances make an award unjust. The Supreme Court has held that "substantially justified" means, justified to a degree that could satisfy a reasonable person," or having a "...reasonable basis both in law and fact." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988). "The standard of 'substantially justified' is satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Smith v. Apfel,* 2001 U.S. Dist. Lexis 2095, (N.D. Ill. 2001)(citing *Pierce v. Underwood,* 487 U.S. 552 at 565). "A position can be justified even though it is not correct, and we believe it can be substantially justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce v. Underwood,* 487 U.S. 552 at 566. The Seventh Circuit has synthesized these guidelines to require the government to prove that, "...its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." *United States v. Hallmark,* 200 F.3d 1076, 1080 (7 th Cir. 2000)

There are two aspects to the issue: "first, whether the agency's underlying action that gave rise to the civil litigation is substantially justified; and second, whether its position in the civil litigation is substantially justified. The Government bears the burden of proof on both issues." *Wilkett v. Interstate Commerce Commission,* 269 U.S. App. D.C. 249 (D.C.Cir. 1988).

**B.     Decision**

I believe that the Government has carried its burden of proof. The Government's position was substantially justified, both in (1) affirming the decision of the ALJ thereby denying plaintiff benefits; and (2) in defending that decision in this court.

This Court ruled in favor of the Government twice on the merits. First, I determined that there was substantial evidence to support the conclusion of the ALJ that plaintiff was not disabled,

and I therefore affirmed the decision of the Commissioner to deny plaintiff benefits.  I also denied plaintiff's subsequent motion for reconsideration.  Though plaintiff appealed this Court's decision to the Second Circuit Court of Appeals, that decision was never reversed on the merits.  Rather, the parties reached a stipulation only after new evidence was provided by plaintiff subsequent to the ALJ's decision as to her mental retardation.

I am not persuaded by plaintiff's contention that the ALJ failed to develop the record adequately and, therefore, fees are justified.  As cited in the Court's previous decision, *Alvarado v. Barnhart,* 432 F.Supp.2d 312 (WDNY 2006), the results of intelligence testing are only part of the overall assessment the ALJ conducts in determining disability.  In this particular case, the ALJ based her decision on a substantial record replete with the observations of a treating psychiatrist as well as the observations of two examining physicians, medical records and the plaintiff's direct testimony.

### IV.  CONCLUSION

I find that the Government's position was substantially justified.  Therefore, pursuant to the EAJA, 28 U.S.C. § 2412(d), plaintiff is not entitled to attorneys fees, and the motion (Dkt. #22) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 30, 2008.